| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

MARIE L. BANKS,

                        Plaintiff,

- against -

MR. TOPADINO, OFFICE OF PROFFESIONAL
DISCIPLINE, MS. LINDA ARMSTRONG, OUR
TIME PRESS PAPER, 911 PARAMEDICS,
M.T.A. PRIVATE MAFIA ROBBERY,

                        Defendants.

MEMORANDUM AND ORDER

No. 11-CV-4812 (JG) (RER)

JOHN GLEESON, United States District Judge:

        Plaintiff Marie L. Banks commenced this *pro se* action on September 30, 2011, in which she seeks damages and injunctive relief. Banks has requested leave to proceed *in forma pauperis*. I grant her request to proceed *in forma pauperis* solely for the purpose of this Order, and dismiss the complaint for the reasons set forth below.

## BACKGROUND

        As her "Statement of Claim," Banks set forth the following: "Defendant is orchestrating kidnapping for mass grave by planting seed of their plantation." Compl. ¶ III. She also makes the following allegations:

- Her landlord, who is not named as a defendant, assaulted her and that the police acted as "her accomplice" by arresting her. *Id.* ¶ 1. She provides no further details regarding this incident.

- She "went to beg at Home Depot" after being released from a psychiatric institution. *Id.*

- She went to a public library and asked for police or medical assistance because she felt sick. *Id.* After the police arrived, one of the officers questioned Banks's right to be in

the library.  *Id.*  Banks then spit in the face of a different police officer.  *Id.*  She was arrested and taken to jail and then to a hospital.  *Id.*

- Police from foreign countries are planting evidence on people and "[l]ocal paper like our time press are the Police Association Business."  *Id.* ¶ 2.

- Banks reported to "Mr. Topadino" that "International Nurses enrolled in KGB and German Army killed [her] mother, because Judge Bloom had granted Qualify Immunity to Dr. Castro (mass grave runner)," and he responded by asking her if she was on drugs.  *Id.* ¶ 3.  He also made her sign blank papers.  *Id.*

- There was chewing gum on her radio.  *Id.* ¶ 3(a).

- She smelled gas in her kitchen and a "National Grid worker tried to accuse [her] of breaking the oven/stove."  *Id.* ¶ 3(b).[1]

- Her diabetes medication got mixed with a liquid, which may have put her at risk of developing gangrene.  *Id.* ¶ 3(c).

- Doctors at Kings County Hospital falsely stated that she is taking a drug at home.  *Id.* ¶ 3(d).

- Someone stole her clothes and other belongings.  *Id.* ¶ 3(e).

- A doorknob was "manipulated and found on the floor."  *Id.* ¶ 3(d).

- The MTA falsely stated that she had filed "a petition in the Supreme Court."  *Id.* ¶ 3(e).

- Someone "want[s] to come to remove [her] body for mass grave with a search warrant/evidence planted . . . seed . . . of their plantation."  *Id.* p. 5 (ellipses in original).

Banks has attached to her complaint a theater review authored by one of the defendants and published in *Our Time Press* (which is also named as a defendant).  She claims this review was somehow "manipulated" to avoid a lawsuit.  *Id.*[2]

---

[1] Presumably in connection with this allegation, Banks attached to her complaint a document entitled "Warning of Hazardous Condition" issued to her by National Grid.

[2] In letters to the Court dated October 12, 2011, and December 1, 2011, Banks makes additional allegations.  In the interest of justice, I will construe these letters as part of her complaint.

2

DISCUSSION

A.  *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court explained that

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Id.* at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav.*

3

*Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.   *Analysis*

The bulk of the allegations in the complaint are frivolous. In particular, Banks's allegations regarding "mass graves," planting of evidence and manipulation of a news article "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The remaining allegations, even if they do not rise to the level of frivolity, do not come close to plausibly stating a claim against any of the named defendants. For example, Banks alleges that the police acted as her landlord's accomplice by arresting her. But she has not

4

named any police officers as defendants nor has she described why her arrest was unlawful. She also alleges that a police officer questioned her right to be in a public library, but fails to allege how this amounted to a violation of any of her rights. She alleges she was arrested at the library, but only *after* she had spit in the face of a different police officer. Accordingly, her complaint is dismissed in its entirety.

CONCLUSION

For the reasons above, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).[3]

So ordered.

John Gleeson, U.S.D.J.

Dated: December 30, 2011
      Brooklyn, New York

---

[3] *Pro se* complaints like the current one are frequently dismissed with leave to amend, which provides the *pro se* plaintiff an opportunity to frame a coherent complaint that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure. However, Ms. Banks's lengthy litigation history in this Court, which includes numerous dismissals with leave to amend, has proved the futility of granting such leave here. I have no doubt that circumstances the Court lacks the authority to address preclude Ms. Banks from reframing the current allegations into a viable cause of action.